IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARMATUS DEALER UPLIFT, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-20-3112 |
| NBA AUTOMOTIVE, INC., et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants NBA Automotive, Inc. ("NBA Auto"), RHC Automotive, Inc., d/b/a Nissani Brothers Jeep Chrysler Dodge ("CDJR"), RHN, Inc., d/b/a Nissani Brothers Nissan ("NB Nissan"), RHH Automotive, Inc., d/b/a Nissani Brothers Hyundai ("NB Hyundai"), and R&H Automotive, Inc., d/b/a Nissani Brothers Acura's ("NB Acura") Motion to Vacate Order of Default (ECF No. 29) and Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 30). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant Defendants' Motions.

### I.   BACKGROUND[1]

**A.   Factual Background**

Plaintiff Armatus Dealer Uplift, LLC ("Armatus"), a retail warranty reimbursement consulting company, entered into separate contracts with each Defendant for the purposes

---

[1] Unless otherwise noted, the Court takes the following facts from Plaintiff Armatus Dealer Uplift, LLC's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

of establishing a statutorily compliant warranty parts and service rate. (Compl. ¶ 16, ECF No. 1). Each Defendant entered into an agreement with Armatus for services in exchange for fees as set forth in a "Warranty Uplift Submissions Authorization" (hereinafter "Authorization Form"). (Id. ¶¶ 16–17).

The Authorization Form provides that Armatus is:

> authorized to conduct auditing and analyses of Client store data for the store/s listed on an Original Store Schedule (and any other-stores subsequently identified on any Supplemental or Secondary Submission Store Schedule), in order to create a declaration for warranty parts mark-up and/or labor rate uplift and supporting documentation, and then submit it to the relevant vehicle manufacturer.

(Id. ¶ 17). The Authorization Form further states that "upon approval of any uplift by such manufacturer," each client shall pay a submission preparation fee equal to "the lesser of 4 times the approved monthly uplift or $4,500 for data extraction, analysis and auditing, and compilation and submission of the declaration" for "each part[] or labor declaration." The agreement also provides that the client shall pay a "parts uplift fee" equal to "10% of the average monthly uplift," which the parties agreed to calculate "by multiplying the final manufacturer-approved parts markup increase times the average monthly warranty parts cost of goods sold from Client financial statements for the consecutive 12-month period provided by Client to Armatus or, absent that, the average of such cost calculated by Armatus from Client data." (Id.). This parts uplift fee is due each month for twelve months beginning with the month following the effective date of the uplift. (Id.). The Authorization Form also provides that each client shall pay a labor uplift fee equal to "10% of the average monthly uplift." Like the parts uplift fee, the parties calculate this fee "by multiplying the

2

final manufacturer-approved labor rate increase times the average number of warranty and new vehicle pre-delivery inspection hours per month provided by Client to Armatus or, absent that, the average number of such hours calculated by Armatus from Client data." (Id.). Also, like the parts uplift fee, the labor uplift fee is "due each month for 12 months, beginning with the month following the effective date of such uplift for such store." (Id.).

Armatus alleges that all Defendants breached their contracts with Armatus, causing varying amounts of damages. Armatus alleges that NBA Auto failed to pay an invoiced amount of $16,012 for services rendered by Armatus between July 1, 2020 and October 1, 2020, resulting in a breach of contract for which Armatus seeks damages of "at least $39,036.00, together with prejudgment interest, the costs of the action, and any further relief the Court deems appropriate." (Id. ¶¶ 19–24). Armatus next alleges that CDJR failed to pay an invoiced amount of $29,554 for services rendered by Armatus between July 1, 2020 and October 1, 2020, resulting in a breach of contract for which Armatus seeks damages of "at least $70,632.00, together with prejudgment interest, the costs of the action, and any further relief the Court deems appropriate." (Id. ¶¶ 25–30). Armatus asserts that NB Nissan failed to pay an invoiced amount of $24,900 for services rendered by Armatus between July 1, 2020 and October 1, 2020, resulting in a breach of contract for which Armatus seeks damages of "at least $57,700.00, together with prejudgment interest, the costs of the action, and any further relief the Court deems appropriate." (Id. ¶¶ 31–36). Armatus next contends that NB Hyundai failed to pay an invoiced amount of $38,932 for services rendered by Armatus between July 1, 2020 and October 1, 2020, resulting in a breach of contract for which Armatus seeks damages of "at least $98,796.00, together with

prejudgment interest, the costs of the action, and any further relief the Court deems appropriate." (Id. ¶¶ 37–42). Finally, Armatus alleges that NB Acura failed to pay an invoiced amount of $9,200 for services rendered by Armatus between July 1, 2020 and October 1, 2020, resulting in a breach of contract for which Armatus seeks damages of "at least $18,600.00, together with prejudgment interest, the costs of the action, and any further relief the Court deems appropriate." (Id. ¶¶ 43–48).[2]

Armatus notes in the Complaint that Defendants agreed to submit "to the exclusive jurisdiction and venue of the state and federal courts in Maryland." (Id. ¶ 18). All Defendants are California corporations with their principal places of business in California. (Id. ¶¶ 3, 5, 7, 9, 11).

**B.     Procedural Background**

On October 26, 2020, Armatus filed a Complaint against Defendants. (ECF No. 1). The five-count Complaint alleges: breach of contract against NBA Auto (Count I); breach of contract against CDJR (Count II); breach of contract against NB Nissan (Count III); breach of contract against NB Hyundai (Count IV); and breach of contract against NB Acura (Count V). (Compl. ¶¶ 19–48). Armatus seeks economic damages, prejudgment interest, and the costs of this action. (Id.).

The Court issued summonses to Armatus on November 6, 2020. (ECF No. 5). Armatus failed to serve Defendants by January 24, 2021, within ninety days of filing the

---

[2] In what appears to be a clerical error, Armatus on two occasions refers to NB Hyundai within Count V. (Compl. ¶¶ 45, 48). Given the context, the Court assumes that these references in Count V are intended to refer to NB Acura.

4

Complaint. (ECF No. 6). As a result, the Court ordered that Armatus show good cause within fourteen days of January 26, 2021, why the Complaint should not be dismissed without prejudice against Defendants for failure to prosecute. (Id.). Armatus timely responded and returned executed summonses against all Defendants on February 9, 2021. (ECF Nos. 12, 14–18). After receiving no response, Armatus moved for the Clerk to enter default against Defendants on April 1, 2021. (ECF No. 26). The Clerk filed an Entry of Default against and issued Notices of Default to Defendants on April 2, 2021. (ECF Nos. 27, 28).

Defendants filed a Motion to Vacate Order of Default and a Motion to Dismiss Plaintiff's Complaint on May 3, 2021. (ECF Nos. 29, 30). Armatus filed an Opposition to Defendants' Motions on May 17, 2021. (ECF No. 31). Defendants filed a Reply on June 1, 2021. (ECF No. 32).

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted). A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC,

No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

When a defendant raises a facial challenge, the Court affords the plaintiff the "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met its burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

**B.    Analysis**

    **1.    Facial Challenge to Counts I, II, III, and V**

Armatus argues that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), which provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

Armatus asserts that all Defendants are residents of the State of California and Armatus is a resident of the State of Maryland, and that Count IV against NB Hyundai alleges damages in the amount of $98,796, in excess of the jurisdictional requirement. (Resp. Opp'n Mot. Vacate Order Default & Dismiss ["Opp'n"] ¶ 9, ECF No. 31). As set forth above, however, Counts I, II, III, and V all allege damages below the jurisdictional threshold against separate Defendants.

Defendants argue that this Court lacks subject-matter jurisdiction over this dispute because Armatus failed to plead damages in excess of $75,000 in Counts I, II, III, and V, and none of those claims are based on a federal question. Defendants explain that Armatus has not plead that Defendants are "jointly and severally liable for the damages alleged in the Complaint," and none of the damages alleged can be aggregated for the purpose of meeting the amount in controversy. (Mem. Supp. Defs.' Mot. Dismiss Pl.'s Compl. ["Mot. Dismiss"] at 3–4, ECF No. 30-1); see Slumber Parties, Inc. v. Cooper, No. RDB-12-00791, 2012 WL 2915110, at *6 (D.Md. July 16, 2012) ("A single plaintiff's claims against several

7

defendants can be aggregated for jurisdictional purposes if the defendants are jointly liable to the plaintiff on each claim.").

Since Armatus alleges one count which is over the jurisdictional amount of $75,000, Count IV, the Court assumes that Armatus intends to aggregate the claims from Counts I, II, III, and V in order to meet the jurisdictional requirement for those claims. The aggregation of claims in order to satisfy the jurisdictional requirements of § 1332(a) is permitted only "(1) in a case in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in a case in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Herlihy v. Ply-Gem Indus., Inc., 752 F.Supp. 1282, 1287 (D.Md. 1990). In breach of contract cases, "the claims asserted are separate and distinct." see also Glover v. Johns-Manville Corp., 662 F.2d 225, 231 (4th Cir. 1981) (holding that claims that appear to arise under similar circumstances, but which are based in multiple independent contractual relationships between separate parties, are deemed separate and distinct for purposes of determining the amount in controversy). A single plaintiff can only aggregate his claims to meet the $75,000 jurisdictional threshold if he is aggregating two or more of his own claims against a single defendant. Herlihy, 752 F.Supp at 1287.

In this case, Armatus alleges breach of contract claims against five separate Defendants: (1) NBA Auto, (2) CDJR, (3) NB Nissan, (4) NB Hyundai, and (5) NB Acura. (Compl. ¶¶ 1–12). Although Armatus asserts damages greater than the jurisdictional amount against NB Hyundai, its claims against the other Defendants do not meet the jurisdictional amount of $75,000 and cannot be aggregated because they arise from

independent contracts with separate defendants. It is true that each count appears to arise from similar circumstances, as there are five breach of contract claims for failure to pay payments from a period of July 1, 2020 through October 1, 2020, and the payments are based on contractual agreements entered into using an identical authorization form. However, Armatus' claims arise from independent contractual relationships between Armatus and each Defendant. (Id. ¶¶ 17–48). Armatus' claims do not "have the undivided interest that is a necessary predicate to aggregation," Glover, 662 F.2d at 231, because Armatus is not seeking to aggregate multiple claims against a single Defendant. As a result, Armatus' claims against Defendants cannot be aggregated because they are "separate and distinct for purposes of determining the amount in controversy." Id. Armatus' claims against NBA Auto, CDJR, NB Nissan, and NB Acura must therefore be dismissed for lack of jurisdiction.

### 2. Factual Challenge to Count IV

Armatus claims that it properly alleged that NB Hyundai breached its contract, resulting in damages in excess of $75,000, and will provide proof at trial that it has suffered damages in excess of $75,000. (Pl.'s Mem. Supp. Resp. Opp'n Mot. Vacate Order Default & Dismiss ["Opp'n Mem."] at 3, ECF No. 31-1). As a result, Armatus argues that the Court has subject-matter jurisdiction in this case. See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

Defendants argue that although the damages alleged in Count IV exceed $75,000, Armatus' factual allegations do not support that amount of damages and Armatus has provided no other evidence to substantiate its assertion that NB Hyundai is liable for $98,796 in damages. In Kopp, the United States Court of Appeals for the Eighth Circuit held that a federal court "has subject matter jurisdiction . . . when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." 280 F.3d at 885. In other words, a plaintiff may survive a jurisdictional challenge if a court determines that a jury could reasonably award damages above the jurisdictional threshold based on information known to the court at the time jurisdiction is challenged. Id.

Armatus argues that (1) it properly pled damages; (2) a fact finder could legally conclude damages in excess of $75,000; and (3) Armatus could provide proof at trial that it has suffered damages in excess of $75,000. (Opp'n Mem. at 2–3); Armatus misapplies Kopp. In Kopp, the Eighth Circuit emphasized that a court should deny a jurisdictional challenge if a jury could have reasonably awarded the damages alleged based on the pleadings and proof adduced to the court before trial." 280 F.3d at 885 (emphasis added). To survive the jurisdictional challenge, Armatus must "set forth specific facts beyond the pleadings in order to show that a genuine issue of material fact exists" as to the Court's jurisdiction over this dispute. Richmond, 945 F.2d at 768.

As set forth above, Armatus has only alleged that NB Hyundai failed to pay an invoiced amount of $38,932 for services rendered from the months of July 2020 through October 2020. (Compl. ¶¶ 40–41). Defendants explain that per the allegations in the

10

Complaint, Armatus could only be entitled to an "additional $13,000 for the parts uplift fee and labor uplift fee (one-third of the amount invoiced for the preceding three months), and a maximum of $4,500 for the submission preparation fee." (Mot. Dismiss at 3). Pursuant to this calculation, the maximum amount of unpaid damages that NB Hyundai could owe Armatus is $56,432. Armatus provides no other evidence or factual basis for its assertion that NB Hyundai is liable for $98,796 in damages. Thus, Defendants argue, Armatus has not presented sufficient evidence or allegations to support its assertion that NB Hyundai owes Armatus damages in excess of the $75,000 jurisdictional threshold.

The Court agrees with Defendants. Armatus has failed to present facts or allegations establishing damages owed by NB Hyundai in excess of $56,432. Armatus' naked assertion that it will prove damages in excess of $75,000 at trial is insufficient to "prov[e] the truth of [the facts supporting subject matter jurisdiction] by a preponderance of the evidence." Vuyyuru, 555 F.3d at 347. On the contrary, the Court finds that Armatus has failed to make non-conclusory allegations of damages—much less provide evidence of damages—in excess of the $75,000 jurisdictional floor. Thus, Armatus has clearly failed to "set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, 945 F.2d at 768. As a result, the Court concludes that the damages arising from Armatus' claim against NB Hyundai do not meet the jurisdictional threshold. The Court will therefore dismiss Armatus' claim against NB Hyundai for lack of jurisdiction.

### 3. Defendants' Motion to Vacate the Order of Default Should be Granted.

Armatus argues that Defendants failed to timely file the Motion to Vacate the Order of Default within thirty days of the Notice of Default. (Opp'n ¶¶ 2, 6–7). When a court

11

lacks subject-matter jurisdiction, a party is relieved from a final judgment, order, or proceeding, as that final determination is void. See Fed.R.Civ.P. 60(b)(4); see also Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). Since this Court lacks subject-matter jurisdiction over this case, it will grant Defendants' Motion to Vacate Order of Default.[3]

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Vacate Order of Default, (ECF No. 29), and Motion to Dismiss Plaintiff's Complaint. (ECF No. 30). A separate Order follows.

Entered this 26th day of October, 2021.

/s/
George L. Russell, III
United States District Judge

---

[3] Even if the Court had jurisdiction over this case, it would nevertheless vacate the Entry of Default because, as Defendants correctly argue, the Motion to Vacate Order of Default was timely filed pursuant to Fed.R.Civ.P. (6)(a)(1)(c). Under that Rule, if the last day of the time period specified in an order is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. As Defendants note, May 2, 2021, the last day of the thirty-day period specified in the Court's April 2, 2021 Order, occurred on a Sunday. Accordingly, Defendants timely filed their Motion on May 3, 2021.